IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK ASHER HAINES, III,       )
                                )
            Plaintiff,          )
                                )
        v.                      )
                                )   Civil Action No. 14-833
CAROLYN W. COLVIN,              )
ACTING COMMISSIONER OF          )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of September, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his DIB application on July 31, 2012, alleging disability beginning on April 24, 2012, due to post-traumatic stress disorder, degenerative disc disease, chronic knee pain and chronic ankle pain. Plaintiff's application was denied. At plaintiff's request, an ALJ held a video hearing on February 26, 2013, and a supplemental video hearing on August 15, 2013, at which plaintiff testified while represented by counsel. On October 7, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 28, 2014, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 28 years old on his alleged disability onset date, and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a fire support specialist, cook, bellman and auto parts clerk, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearings, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of lumbar degenerative disc disease, right knee chondromalacia, post-traumatic stress disorder, depressive disorder and a history of alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work

with a number of additional non-exertional limitations. Plaintiff is limited to low stress work defined as involving routine daily tasks that do not significantly change in pace or location each day. In addition, plaintiff is limited to work that does not ordinarily require confrontation with others (such as arguing with customers), and is he is restricted to no more than occasional interaction with the public (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity do not permit him to perform his past relevant work. However, the ALJ found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an assembler of small parts, collator or mail clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his

age, education, work experience and residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly weigh the opinion of plaintiff's treating psychiatrist; and (2) the ALJ did not properly evaluate plaintiff's credibility. For reasons explained below, these arguments are without merit.

Plaintiff first argues that the ALJ did not properly weigh the opinion of his treating psychiatrist, Dr. Jeannine Bordonaro. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). Under this standard, the ALJ properly determined that Dr. Bordonaro's opinion should not be given controlling weight. (R. 25).

Dr. Bordonaro examined plaintiff only two times - on January 11, 2013, and subsequently on February 13, 2013, (R. 862-64, 875-77) - prior to completing a Psychiatric Impairment Questionnaire form report on February 26, 2013, rendering an opinion that plaintiff is markedly limited in various areas of mental functioning and unable to tolerate even low work stress, (R. 815-817, 818), and predicting that he would miss work more than three times per month. (R. 819). Plaintiff argues that the ALJ should have given controlling weight to Dr. Bordonaro's opinion on those matters, and contends the ALJ further erred by failing to explain why she rejected the doctor's opinion.

Contrary to plaintiff's position, the ALJ summarized Dr. Bordonaro's findings indicating

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

that plaintiff is significantly restricted from a mental standpoint and noted that Dr. Bordonaro only saw plaintiff two times before issuing her opinion. (R. 29). The ALJ then explained that Dr. Bordonaro's findings are "wildly exaggerated and without substance" because they are not adequately supported by her own treatment records and are inconsistent with the evidence as a whole. (R. 29).

After reviewing the record, we conclude that the ALJ correctly determined Dr. Bordonaro's restrictive opinion of plaintiff's mental work-related capabilities stated on the form report is inconsistent with her own treatment records. On the two occasions Dr. Bordonaro examined plaintiff prior to issuing her opinion, Dr. Bordonaro's mental status examinations were rather unremarkable. According to Dr. Bordonaro, plaintiff was calm and cooperative, he had normal psychomotor activity, his speech was clear and coherent and his thought processes were goal directed. (R. 864, 877). Similarly, on the four occasions Dr. Bordonaro examined plaintiff after issuing her opinion (March 12, 2013, April 18, 2013, May 29, 2013, and June 19, 2013), the doctor's mental status examinations revealed the same unremarkable findings she previously reported in her treatment notes. (R. 859, 963, 976, 981). While Dr. Bordonaro's treatment notes reflect that plaintiff experiences some limitations from a mental standpoint, they do not document the drastic limitations she identified on the form report. For these reasons, the court finds that there was no error in the ALJ's decision to reject Dr. Bordonaro's opinion as inconsistent with her own treatment records and other evidence of record summarized by the ALJ in her decision.[2]

---

[2] If a treating physician's opinion is not entitled to controlling weight, the ALJ will give it the weight she deems appropriate based on such factors as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, whether the opinion is supported by medical signs and laboratory findings, whether the opinion is supported by relevant evidence, whether the opinion is consistent with the record as a whole, the doctor's specialization and other relevant factors. See 20 C.F.R. §§404.1527(c)(2)-(c)(6). Plaintiff argues that the ALJ did not consider these factors in analyzing Dr. Bordonaro's opinion. To the contrary, the ALJ rejected Dr. Bordonaro's opinion after noting that she only examined plaintiff twice prior to issuing it, and further explaining that Dr. Bordonaro's opinion was not supported by her own treatment notes and was inconsistent with other record evidence. (R. 29).

Plaintiff next argues that the ALJ did not properly evaluate his credibility concerning his claimed limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints and explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, the medical evidence of record, the extent of plaintiff's treatment, his activities of daily living and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) - (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 28). This court finds that the ALJ adequately explained the basis for her credibility determination in her decision, (R. 25-26, 28-29), and is satisfied that such determination is supported by substantial evidence.[3]

---

[3] Plaintiff specifically critiques the ALJ's credibility determination because she noted that a consultative examiner believed plaintiff embellished his limitations, one of plaintiff's military commanders did not believe plaintiff experienced any traumatic event that would warrant symptoms of post-traumatic stress disorder and plaintiff was able to successfully attend college courses. (R. 28). Contrary to plaintiff's argument that the ALJ improperly based her credibility determination on these factors, the ALJ's decision makes clear that she considered many other factors in evaluating plaintiff's credibility. As stated, the ALJ summarized the medical evidence and the extent of plaintiff's treatment, noting that plaintiff had undergone little treatment for his back problems and declined additional treatment that was offered. (R. 25, 28). The ALJ also discussed plaintiff's own testimony concerning his symptoms and limitations, including the range of daily activities he performs, as well as the medical opinion evidence from physicians

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Samantha Xander, Esq.
Law Offices of Harry J. Binder and Charles E. Binder, P.C.
60 East 42nd Street
Suite 520
New York, NY 10165

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

---

who treated and examined him. (R. 28-29). The ALJ's decision makes clear that her credibility determination did not hinge on one factor to the exclusion of others. Moreover, despite the ALJ's determination that plaintiff's subjective allegations were not entirely credible, she nonetheless credited plaintiff's complaints of mental limitations to the extent that the RFC Finding restricted plaintiff to low stress work that involved routine daily tasks and limited his interaction with others.